UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRY LEE DECKER,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. 2:25-cv-00483-JPH-MG
                                       )
3C COMPREHENSIVE CORRECTIONAL          )
CARE,                                  )
                                       )
            Defendant.                 )

**ORDER DISMISSING ACTION AND DIRECTING ENTRY OF
FINAL JUDGMENT**

Plaintiff Terry Lee Decker filed this civil action on September 26, 2025. Dkt. 1. The Court screened and dismissed the complaint for failure to state a claim upon which relief can be granted. Dkt. 14. The Court allowed Mr. Decker an opportunity to file an amended complaint, which he has done. Dkt. 16. The Court now screens the amended complaint.

As an initial matter, the Court **grants** Mr. Decker's motions for court assistance, dkts. [18] and [19] to the extent that the Court reiterates that it has received *only* the initial partial filing fee of $70.00, dkt. 12, and the Court has issued a collection order to Vigo County Jail to collect the full filing fee, dkt. 13; *see* dkt. 17.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

1

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Amended Complaint

Mr. Decker's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names two defendants: (1) 3C Comprehensive Correctional Care, and (2) Nurse Rhonda. Dkt. 16 at 1.

In his amended complaint, Mr. Decker alleges that Nurse Rhonda gave him the wrong medication on one occasion. *Id.* at 2. Mr. Decker was very sick for at least three days. *Id.* Mr. Decker was concerned as he is diabetic and feels that it is dangerous for him to take another inmate's medication. *Id.* He seeks monetary damages, a written apology, and for staff to be reprimanded. *Id.* at 4.

2

### III. Dismissal of Amended Complaint

As an initial matter, Mr. Decker's amended complaint does not contain any allegations against 3C Comprehensive Correctional Care. Regardless, as the Court noted in the original screening order, private corporations acting under color of state law are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Decker alleges in his amended complaint that he was given the wrong medicine, but fails to supply any facts from which the Court could infer that the corporate medical provider has a policy, pattern, or practice of this conduct. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011). Accordingly, any claim against 3C must be **dismissed for failure to state a claim**.

Moreover, Mr. Decker's allegation that Nurse Rhonda gave him the wrong medication once does not amount to a constitutional violation. *See Zentmyer v. Kendall County*, 220 F.3d 805, 811–12 (7th Cir. 2000) (no deliberate indifference where guards, who "administered 97 of 130 doses of prescription medication on schedule as prescribed," were not shown to have any knowledge

3

that serious medical consequences might result from occasionally missing some prescribed doses). Mr. Decker's allegations against Nurse Rhonda are **dismissed for failure to state a claim.** Even if Nurse Rhonda may have been negligent in giving Mr. Decker the wrong medicine one time, "deliberate indifference requires more than a showing of negligent or even grossly negligent behavior." *Grieveson v. Anderson,* 538 F.3d 763, 777 (7th Cir. 2008).

Because the Court has been unable to identify a viable federal claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Conclusion

Mr. Decker's motions for court assistance, dkts. [18] and [19] are **granted** to the extent that the Court has already explained that *only* the initial partial filing fee of $70.00 has been collected so far and the Court has issued a collection order to Vigo County Jail to collect the full filing fee.

Because the amended complaint does not cure the deficiencies discussed in the Court's screening Order, the action is now **dismissed for failure to state a claim upon which relief can be granted.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 6/23/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY LEE DECKER
37625
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802